UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNOCENT CEDENO,<br>   Plaintiff<br>v.<br><br>AFNI COLLECTIONS, LEADING EDGE RECOVERY SOLUTIONS LLC, SOURCE ONE FINANCIAL, ASSET ACCEPTANCE LLC, MIDLAND CREDIT MANAGEMENT INC., JC CHRISTENSEN & ASSOCIATES, INC., CAVALRY PORTFOLIO SERVICES LLC, VERRIFACT, INC., NCO FINANCIAL SYSTEMS,<br>   Defendants | Civil Action No. 1:14-CV-10158-RGS |

## ANSWER OF CAVALRY PORTFOLIO SERVICES TO PLAINTIFF'S COMPLAINT

The defendant Cavalry Portfolio Services, LLC ("Cavalry") answers the plaintiff's complaint as follows:

### PARTIES

1. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

1

7. Cavalry admits that it has a place of business in Arizona, but denies the remaining allegations contained in this paragraph.

8. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## JURISDICTION

10. Cavalry denies the allegations contained in this paragraph.

11. Cavalry denies the allegations contained in this paragraph.

## FACTS

12. Cavalry denies the allegations contained in this paragraph.

13. Cavalry denies the allegations contained in this paragraph.

14. Cavalry denies the allegations contained in this paragraph.

15. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Cavalry denies the allegations contained in this paragraph.

18. Cavalry denies the allegations contained in this paragraph.

19. Cavalry denies the allegations contained in this paragraph.

20. Cavalry denies the allegations contained in this paragraph.

21. Cavalry denies the allegations contained in this paragraph.

22. Cavalry denies the allegations contained in this paragraph.

23. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Cavalry denies the allegations contained in this paragraph. Cavalry has never reviewed the plaintiff's credit report.

29. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

32. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

33. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

34. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

35. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

36. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

37. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

38. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

39. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

40. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

41. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

42. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

43. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

44. Cavalry denies the allegations contained in this paragraph. Cavalry has never called or attempted to call the plaintiff.

45. Cavalry admits that the statute speaks for itself, but denies the remaining allegations contained in this paragraph.

46. Cavalry denies the allegations contained in this paragraph. Cavalry has never reviewed the plaintiff's credit report.

47. Cavalry admits that the statute speaks for itself, but denies the remaining allegations contained in this paragraph. Cavalry has never reviewed the plaintiff's credit report.

48. Cavalry denies the allegations contained in this paragraph. Cavalry has never reviewed the plaintiff's credit report.

49. Cavalry admits that the statute speaks for itself, but denies the remaining allegations contained in this paragraph. Cavalry has never reviewed the plaintiff's credit report.

50. Cavalry denies the allegations contained in this paragraph.

51. Cavalry denies the allegations contained in this paragraph.

52. Cavalry denies the allegations contained in this paragraph.

53. Cavalry denies the allegations contained in this paragraph.

54. Cavalry denies the allegations contained in this paragraph.

55. Cavalry denies the allegations contained in this paragraph.

56. Cavalry denies the allegations contained in this paragraph.

57. Cavalry denies the allegations contained in this paragraph.

58. Cavalry denies the allegations contained in this paragraph.

59. Cavalry denies the allegations contained in this paragraph.

60. Cavalry denies the allegations contained in this paragraph.

## COUNT I

### DEFENDANTS' VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A)(iii)

61. Cavalry repeats and incorporates all of its prior responses.

62. Cavalry denies the allegations contained in this paragraph.

63. Cavalry admits that the statute speaks for itself, but denies the remaining allegations contained in this paragraph.

## COUNT II

### DEFENDANTS' VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5)

64. Cavalry repeats and incorporates all of its prior responses.

65. Cavalry denies the allegations contained in this paragraph.

66. Cavalry denies the allegations contained in this paragraph.

67. Cavalry denies the allegations contained in this paragraph.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS

68. Cavalry repeats and incorporates all of its prior responses.

69. Cavalry denies the allegations contained in this paragraph.

70. Cavalry denies the allegations contained in this paragraph.

71. Cavalry denies the allegations contained in this paragraph.

72. Cavalry denies the allegations contained in this paragraph.

73. Cavalry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

74. Cavalry denies the allegations contained in this paragraph.

75. Cavalry denies the allegations contained in this paragraph.

76. Cavalry denies the allegations contained in this paragraph.

77. Cavalry denies the allegations contained in this paragraph.

## COUNT IV

## VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANTS

78. Cavalry repeats and incorporates all of its prior responses.

79. Cavalry denies the allegations contained in this paragraph.

80. Cavalry denies the allegations contained in this paragraph.

81. Cavalry denies the allegations contained in this paragraph.

82. Cavalry denies the allegations contained in this paragraph.

83. Cavalry denies the allegations contained in this paragraph.

84. Cavalry denies the allegations contained in this paragraph.

85. Cavalry denies the allegations contained in this paragraph.

86. Cavalry denies the allegations contained in this paragraph.

## COUNT V

## VIOLATIONS OF THE MASSACHUSETTS DEBT COLLECTION REGULATIONS ACT BY DEFENDANTS

87. Cavalry repeats and incorporates all of its prior responses.

88. Cavalry denies the allegations contained in this paragraph.

89. Cavalry denies the allegations contained in this paragraph.

90. Cavalry denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### First

Cavalry says that the complaint should be dismissed pursuant to Rules 12(b)(6) and 12(c) for failure to state a claim upon which relief may be granted.

### Second

Cavalry says that all claims are barred by the relevant statutes of limitation.

### Third

Cavalry says that it has no account in the plaintiff's name, never pulled/reviewed her credit report, never contacted or attempted to contact her, and never received a 93A demand from her.

### Fourth

Cavalry says that any complained of telephone call(s) were not made using an automatic telephone dialing system and entailed human intervention, and that, as such, any claims under the Telephone Consumer Protection Act ("TCPA") are barred as a matter of law.

### Fifth

Cavalry says that the complaint should be dismissed for failure to comply with the requirements of G.L. c. 93A. Cavalry further says that its conduct at all times was neither deceptive nor unfair.

### Sixth

Cavalry says that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations implementing the Telephone Consumer Protection Act ("TCPA") and that any violations thereof were inadvertent.

### Seventh

Cavalry says that the complained of conduct did not occur in the Commonwealth of Massachusetts.

### Eighth

Cavalry says that the Plaintiff was not charged for any complained of telephone call(s).

### Ninth

Cavalry says that any complained of telephone call(s) were made to residential land-based telephones.

### Tenth

Cavalry says that the plaintiff was an unintended recipient of any calls, and therefore lacks standing.

### Eleventh

Cavalry says that the Plaintiff consented to receiving any complained of telephone call(s) at the number to which the call(s) were made.

### Twelfth

Cavalry says that the complaint should be dismissed insofar as the Plaintiff has suffered no damages.

### Thirteenth

Cavalry states that any alleged violation occurred as the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### Fourteenth

Cavalry says that all claims are barred for the reasons given in its pending motion for judgment on the pleadings.

### Fifteenth

Cavalry says that all claims are barred by the plaintiff's failure to mitigate, and by the doctrines of waiver, estoppel, ratification, and laches.

For the foregoing reasons, the defendant Cavalry Portfolio Services requests that the Court dismiss all claims with prejudice, award it all of its attorneys' fees and costs, and grant such other and further relief as may be just.

CAVALRY PORTFOLIO SERVICES, LLC,

By its attorneys,

/s/ John J. O'Connor
John J. O'Connor
B.B.O. No. 555251
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951.2100
joconnor@peabodyarnold.com

**CERTIFICATE OF SERVICE**

      I, John J. O'Connor, do hereby certify that I have, this 19th day of February, 2014, served the foregoing document on all counsel of record, by causing a copy thereof, to be sent electronically to the registered participants in this case as identified on the Notice of Electronic Filing (NEF), and by mailing a copy to the plaintiff.

      /s/ John J. O'Connor
      John J. O'Connor

816006_1
1518-201